UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-80112-RAR
(19-CR-80173-RAR)

**ODIS HOSLEY**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DISMISSING MOTION TO VACATE

**THIS CAUSE** comes before the Court on Movant's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in which he challenges the conviction and sentence, following a guilty plea, for distribution of fentanyl under 21 U.S.C. § 841(a)(1), (b)(1)(C), entered in Case No. 19-CR-80173-RAR. *See* Motion to Vacate [ECF No. 1] ("Motion"). Rule 4 of the Rules Governing Section 2255 Cases authorizes courts to dismiss a motion arising under § 2255 "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" When exercising that authority, courts should afford the parties "notice of [the] decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (stating this principle in a § 2254 context).

The Eleventh Circuit has explained "[b]oth a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner [or movant] is not entitled to relief" thereby authorizing the Court to *sua sponte* dismiss the case. *Paez*, 947 F.3d at 654.

Based on the foregoing authorities, and for the reasons stated herein, the Motion is **DISMISSED,** and the parties are hereby notified of their opportunity to present their positions regarding this Order.

## ANALYSIS

### A. *Grounds One through Eleven and Thirteen through Fourteen*

In Ground One, Movant contends Counsel was ineffective for failing to challenge the Government's failure to disclose discovery. Mot. at 4. Movant's Ground Two is a claim contending Counsel was ineffective for not challenging the Government's failure to indict "the primary person" who should be held accountable. *Id.* In Ground Three, Movant contends Counsel was ineffective for not arguing "the Government's and the agents' [failed] to arrest Michelle . . . during [his] bond hearing." *Id.* With respect to Ground Four, Movant claims Counsel was ineffective for failing to challenge the Government's use of selective prosecution tactics. *Id.* at 5. Turning to Ground Five, Movant argues Counsel was ineffective for not contending that the Government withheld information that shows an undercover agent violated police protocol. *Id.* at 7. Next, in Ground Six, Movant submits Counsel was ineffective for not filing a motion to suppress. *Id.* Movant's Ground Seven is a claim arguing Counsel was ineffective for not explaining the usefulness of a motion to suppress. *Id.* Moving on to Ground Eight, Movant claims Counsel was ineffective for not "fully investigat[ing] the crime & available defenses." *Id.* As for Ground Nine, Movant argues Counsel was ineffective for refusing "to ask the judge to give [him] a bond." *Id.* Movant's Ground Ten is another claim of ineffective assistance contending Counsel should not have told Movant that he "had no arguable issues, [and that] if [he] were to go to trial" he would lose. *Id.* As for Ground Eleven, Movant contends Counsel was ineffective for "[telling him] the Government gets to pick and choose who they want to arrest" when he asked why "Michelle" was not arrested. *Id.* at 8. Skipping over to Ground Thirteen, Movant claims Counsel

was ineffective for telling Movant that he would have the Court drop a charge at sentencing because the crime he pleaded guilty to was "not a federal crime." *Id.* Ground Fourteen is another claim of ineffective assistance in which Movant contends Counsel failed to "get his charge dropped because he said it was not a federal crime [and] failed to challenge the 121 months' [imprisonment he] received at sentencing." *Id.*

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88).

To prove prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Sims v. United States*, 785 F. App'x 632, 635 (11th Cir. 2019) (concluding the same with respect to misadvise regarding collateral consequences). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Worth mentioning, "[s]urmounting *Strickland*'s high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." *Martin*, 949 F.3d at 667.

As applied to this case, nowhere in his Motion does Movant allege or suggest that, but for Counsel's alleged errors, he would not have pleaded guilty and insisted on going to trial. *See generally* Mot. Nor does he provide any specificity as to the prejudice he suffered *because of* Counsel's alleged errors. *See id.* Consequently, Movant has not submitted sufficient allegations to satisfy the prejudice prong on Grounds One through Eleven and Thirteen through Fourteen. *See Martin*, 949 F.3d at 667 (explaining a party must meet their initial burden of showing a reasonable probability they would have "insisted on going to trial"); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (explaining the "heightened pleading requirement" applicable during habeas review).

The Court need not address the performance prong. *See Strickland*, 466 U.S. at 697 (explaining courts "need not determine whether counsel's performance was deficient" if a party cannot establish prejudice). The only claims that have not already been resolved are Grounds Twelve and Fifteen, which shall be addressed separately.

### B. *Ground Twelve*

In Ground Twelve, Movant claims Counsel was ineffective for failing to obtain a downward departure at sentencing based on Movant's "medical conditions." Mot. at 8 (detailing "chronic neck pain" due to a "herniated disk" (sic), a spinal disability, and "other conditions" from a work-related injury, and a head injury involving a car accident). The Court is well-aware of Movant's various medical conditions, as the Court previously denied his (liberally construed) Motion for Compassionate Release less than a year ago. *See generally* Order Denying Motion for Compassionate Release [ECF No. 47] ("Order Denying Compassionate Release"). In that context, the Court found that, "even if the Court assumed the veracity of Defendant's condition, the record in this case would still fall short of warranting compassionate release." *Id.* at 3. Just as this Court found previously, albeit in a different context, a sentence below 121 months' imprisonment is not appropriate in this case.

The Court, after all, knew about Movant's various physical conditions at the time of sentencing because it was detailed in the Presentence Investigation Report. *See* Presentence Investigation Report ¶ 76–77 ("PSI") (describing a "pinched nerve, herniated disc at C6 and C7, and [a] narrowing of the femoral artery" due to a "car accident," "pain in his neck that radiates to his shoulder, arm[,] and back," "arthritis," detailing various medical records corroborating some level of treatment for those conditions, and an assignment to "a lower bunk" due to Movant's conditions).

More importantly, the Court already imposed a sentence *below* the advisory guidelines. *See* PSI ¶ 99 ("[T]he guideline imprisonment range is 151 months to 188 months."). Given Movant's extensive and escalating criminal history, *see* PSI ¶¶ 22–65, a sentence of 10 years' imprisonment—one that was below the advisory guidelines—was completely reasonable. Thus, as Movant has not alleged anything beyond what the Court already knew when it imposed its sentence, he has not carried his burden of a reasonable probability that this Court would have imposed a sentence lower than the sentence already imposed. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *Balbuena v. United States*, 523 F. App'x 588, 599 (11th Cir. 2013) (concluding no prejudice where a "shorter sentence" would not have been imposed). And, to be clear, the Court would not have entered a sentence below 10 years' imprisonment. Lastly, the Court need not address the performance prong. *See Strickland*, 466 U.S. at 697 (explaining courts "need not determine whether counsel's performance was deficient" if a party cannot establish prejudice).

### C. Ground Fifteen

In his final claim, Ground Fifteen, Movant submits Counsel was ineffective for failing to appeal his sentence after Counsel "tol[d him] that [his] crime] for selling fentanyl "was not a federal crime." Mot. at 8. Predictably, Movant has failed to specify what arguments or theories

he would have raised on appeal.[1]  He likewise provides no allegations indicating that he wanted or requested an appeal.  *See generally Gomez-Diaz v. United States*, 433 F.3d 788, 791–92 (11th Cir. 2005) ("[A]n attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se.").  Nor has he provided allegations suggesting Counsel had a constitutional duty to consult in this case or that he can show he was prejudiced by not having an appeal.  *See generally id.* at 792 ("An attorney has [a] duty [to consult] when either (1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing . . . a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed.").  This claim is, therefore, deficient on its face.  *See Borden*, 646 F.3d at 810 (stating a "heightened pleading requirement" applies during postconviction).

## **CERTIFICATE OF APPEALABILITY**

The Court declines to issue a certificate of appealability ("COA").  Isuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  But "[w]here a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and

---

[1] To the extent Movant claims distribution of fentanyl is not a crime, he is wrong.  *See United States v. Achey*, 943 F.3d 909, 914 n.6 (11th Cir. 2019) ("[D]istribution of fentanyl is a subset of the statutory offense of distribution of a controlled substance because all the elements necessary to prove the former are elements of the latter. Indeed, the only difference between these two crimes is that the statutory-offense element requiring knowledge that a controlled substance is being distributed is narrowed for the subset offense to knowledge that fentanyl is being distributed."), *cert. denied*, 140 S. Ct. 2554 (2020).

'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

As explained herein, there is no reasonable debate that Movant has critically failed to make a *prima facie* showing that his Counsel was ineffective. Accordingly, a COA is denied.

## CONCLUSION

To summarize, Movant's claims are wholly deficient on their face. Even so, the Eleventh Circuit has explained that a district court should provide habeas litigants "ample notice and an opportunity to explain [why the action should not be summarily dismissed]." *See Paez*, 947 F.3d at 654 (stating this principle in the context of a timeliness inquiry). Consistent with this instruction and approach, both parties may each submit a response, not exceeding five pages in length, to state their positions during the 28-day period for reconsideration under Fed. R. Civ. P. 59(e). In the interest of fairness, the parties' positions, if any are submitted, shall be reviewed *de novo*. Having carefully reviewed the record in this case, and for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion [ECF No. 1] is hereby **DISMISSED** on the merits. Any pending motions are **DENIED as moot**. Further, any demands for an evidentiary hearing are **DENIED**, and a COA shall **NOT ISSUE**. Lastly, because the parties may state their positions to this Order during the period for reconsideration, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of January, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Odis Hosley
       20463-104
       Coleman Medium

Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov